**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nicholas Wolff, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   14 C 9876 |
| Stellar Recovery, Inc., a Florida corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Nicholas Wolff, individually and on behalf of all others similarly situated,

brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u>

("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA,

and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts

business here.

**PARTIES**

3.      Plaintiff, Nicholas Wolff ("Wolff"), is a citizen of the State of Illinois, residing

in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt, which he allegedly owed to Comcast.

4. Defendant, Stellar Recovery, Inc. ("Stellar"), is a Florida corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. Stellar operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Illinois. In fact, Stellar was acting as a debt collector as to the debt it attempted to collect from Mr. Wolff.

5. Defendant Stellar is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Stellar conducts business in Illinois.

6. Moreover, Defendant Stellar is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Stellar acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant sent Mr. Wolff an initial form collection letter, dated July 9, 2014, demanding payment of a delinquent consumer debt that he allegedly owed to Comcast. The letter stated, in pertinent part:

* * *

This account has been placed with our office for collection by the above-mentioned creditor. The above listed amount is now due and owing.

* * *

If you are not able to pay the entire balance today you may split your balance into three (3) equal payments of $113.58 with the first payment due no later than July 29, 2014 and each additional payment due every 30 days thereafter.

* * *

2

To discuss this matter with one of our account representatives contact our office today.

* * *

A copy of this letter is attached as Exhibit C.

8.      Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9.      Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692g –
### Ineffectively Conveying The 30-Day Validation Notice

10.      Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it, see, 15.U.S.C. § 1692g(a).  Moreover, § 1692g(b) of the FDCPA requires that any collection activities and communication during the 30-day period not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692g(b).

11.      By stating, in its July 9, 2014 letter, that "[T]he above listed amount is now due and owing", that "[I]f you are not able to pay the entire balance today . . ", that a first payment would be "due no later than July 29, 2014" (i.e., within the 30-day validation period), and "[T]o discuss this matter with one of our account representatives contact our office today", Defendant engaged in communications that overshadowed, or were

3

inconsistent with, the disclosure of the consumer's right to dispute the debt, in violation of § 1692g of the FDCPA.  See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997).

12.     Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

13.     Plaintiff, Nicholas Wolff, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Comcast, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

14.     Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Wolff, in its attempts to collect delinquent consumer debts from other persons.

15.     The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Wolff.

16.     Plaintiff Wolff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

18.     Plaintiff Wolff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Wolff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Nicholas Wolff, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Wolff as Class Representative of the Class, and his attorneys as Class Counsel;

3.     Find that Defendant's form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Wolff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Nicholas Wolff, individually and on behalf of all others similarly situated, demands trial by jury.

Nicholas Wolff, individually and on behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: December 9, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com